# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:23-cr-228-CEH-JSS

TREMON STALEY
_____

## ORDER

This cause comes before the Court on the Report and Recommendation ("R&R") (Doc. 30), issued by Magistrate Judge Julie S. Sneed. In the R&R, Magistrate Judge Sneed recommends denying Defendant Tremon Staley's Facial and As-Applied Challenge to the Constitutionality of 18 U.S.C. § 922(g)(1) and Motion to Dismiss the Indictment (Doc. 19). All parties were furnished copies of the R&R and afforded the opportunity to file objections, in accordance with 28 U.S.C. § 636(b)(1). Defendant filed a timely Objection. Doc. 31. Upon careful consideration of the R&R, the Objections, and this Court's independent examination of the file and supplemental authorities (Docs. 21, 32), it is determined that the Objections should be overruled, the R&R adopted, and the Motion to Dismiss the Indictment denied.

    I.    **BACKGROUND**

In July 2023, Defendant was charged in a one-count indictment for violating 18 U.S.C. §§ 922(g)(1) and 924(a)(8) by being a Felon in Possession of a Firearm and Ammunition. Doc. 1.

Defendant moves for dismissal of the Indictment. Doc. 19. He argues that § 922(g)(1) violates the Second Amendment to the United States Constitution in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111 (2022). Defendant argues that the statute is an impermissible infringement on his and similar felons' right to bear arms for self-defense inconsistent with the text and historical tradition of the Second Amendment. Doc. 19 at 18–19. The Government responds that Defendant's argument is foreclosed by binding Circuit precedent and that § 922(g)(1) is otherwise constitutional under *Bruen*. *See* Doc. 28.

Based on the submissions, the Magistrate Judge recommended denial of the motion. *See* Doc. 30. The R&R notes that the Eleventh Circuit previously considered the constitutionality of § 922(g)(1) in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), upholding a conviction and sentence under the statute as constitutional. *Id.* at 4.

Subsequently, in *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1264 (11th Cir. 2012), the Eleventh Circuit upheld as constitutional state firearm laws regulating possession of weapons in places of worship under *District of Columbia v. Heller,* 554 U.S. 570 (2008), adopting a means-end scrutiny analysis used by other Circuits. *Id.* at 1260 n.4. The R&R goes on to note that in *Bruen*, the Supreme Court rejected this framework in Second Amendment cases. Doc. 30 at 5–6; 142 S. Ct. at 2127. Instead, on a constitutional challenge to a firearms possession regulation, the Government must affirmatively prove that the regulation is part of the historical tradition that

2

delimits the outer bounds of the right to keep and bear arms. Doc. 30 at 6; *Bruen*, 142 S. Ct. at 2127.

In the R&R, the Magistrate Judge rejects the arguments that *Rozier* is no longer binding precedent and that § 922(g)(1) is unconstitutional on its face and as-applied. First, the R&R notes that the Eleventh Circuit has squarely rejected Defendant's argument that *Heller*'s limitation of its holding to firearms possession by law-abiding and qualified individuals was dicta. Doc. 30 at 6–7. *Rozier*, 598 F.3d at 771 n.6. Next, it rejects the argument that *Bruen* abrogated *Rozier* and all Eleventh Circuit Second Amendment precedent. The Magistrate Judge rejects this argument on the grounds that *Bruen* was not clearly on point and clearly contrary to panel precedent. Doc. 30 at 7. Instead, because: (1) *Rozier* did not apply the means-end analysis rejected by *Bruen*; (2) *Bruen* did not address the constitutionality of statutes prohibiting the possession of firearms and ammunition by felons; and (3) district courts within the Eleventh Circuit have uniformly concluded that *Rozier* remains good law, she recommends that Defendant's motion be denied. *Id.* at 7–10.

The Magistrate Judge goes on to find that to the extent *Bruen* requires an analysis of historical precedent, the Government has also successfully met its burden of establishing that § 922(g)(1) is part of the historical tradition that delimits the outer bounds of the Second Amendment. *Id.* at 10–12. Specifically, the Government provides examples of historical precedent as cited and interpreted by the Supreme Court and historical sources. *Id.* Defendant objects. Doc. 31.

3

## II. LEGAL STANDARD

Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). Magistrate judges have the authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. *Id.* § 636(b)(1)(B). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *See also* Fed. R. Crim. P. 59(b)(3). The district judge may accept, reject, or modify, in whole or in part, the report and recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). The objections to a magistrate judge's report and recommendation must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019). In the absence of specific objections, there is no requirement for a district judge to review factual findings *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

## III. DISCUSSION

Broadly, Defendant "objects to the entirety of the Report and Recommendation and reasserts the arguments he made in his motion to dismiss the indictment." Doc. 31 at 5. This general objection and reassertion of previous arguments is neither specific

4

nor clear enough to permit the Court to effectively review the R&R, so it will be overruled. *Knezevich*, 761 F. App'x at 906.

As to specific objections, Defendant contends that the R&R wrongly relies on *Rozier*, 598 F.3d 768, which *Bruen* overruled or undermined to the point of abrogation. Doc. 31 at 1. He argues *Rozier* lacks the historical analysis that is the Government's burden post-*Bruen*. *Id.* at 1–2. Further, he claims that instead of conducting such an analysis, the *Rozier* panel wrongfully assumed that a felon's status "substantially affects the level of protection . . . constitutional rights are accorded," which no longer "logically flow[s] from the premises"; moreover, he argues that just because a felon's rights were encumbered, this does not mean that felons were historically barred from gun ownership at the time of the founding or during Reconstruction. *Id.* Finally, Defendant argues that *Rozier*'s holding flows from dicta in *Heller*. *Id*.

The Magistrate Judge squarely addressed and rejected these arguments, and this Court will do the same. First, the Court disagrees that *Rozier* has been overruled or abrogated by *Bruen*. "For a Supreme Court decision to undermine panel precedent to the point of abrogation, the 'decision must be clearly on point' and '*clearly contrary*' to the panel precedent." *Edwards v. U.S. Att'y Gen.,* 56 F.4th 951, 965 (11th Cir. 2022) (quoting *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003)). Thus, if *Bruen* does not "directly conflict with, as opposed to merely weaken, the holding of the prior panel," the prior decision has not been abrogated. *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).

5

*Rozier* relied on the text and history of the Second Amendment and *Heller* to hold that § 922(g)(1) is constitutional. 598 F.3d at 770–771. The decision held that a felon, as opposed to a "law-abiding" citizen, falls within a class of people who may be disqualified from exercising their Second Amendment rights. *Id. Rozier* did not apply the means-end analysis explicitly repudiated by *Bruen*, which was adopted by the Eleventh Circuit two years later.

And as the Magistrate Judge found, *Bruen* did not express an opinion as to the constitutionality of felon-in-possession laws such as § 922(g)(1). 142 S. Ct. at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun . . . Nor have we disturbed anything that we said in *Heller* or *McDonald* [] about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 2162 (Kavanaugh, J., concurring) ("Properly interpreted, the Second Amendment allows a 'variety' of gun regulations."). Thus, *Rozier* remains binding precedent within the Eleventh Circuit on the constitutionality of the felon-in-possession statute. *See United States v. Vasquez,* No. 8:21-CR-0062-CEH-SPF, 2023 WL 4935936, at *4 (M.D. Fla. July 10, 2023), *report and recommendation adopted,* 2023 WL 4931898 (Aug. 2, 2023) (collecting cases and noting "almost every federal court that has considered the constitutionality of § 922(g)(1) since *Bruen* has upheld the statute.").

Similarly, the Court rejects Defendant's rehashed argument that *Rozier* relies on dicta from *Heller*. The Eleventh Circuit has squarely rejected this contention, holding

that "to the extent that this portion of *Heller* limits the court's opinion to possession of firearms by *law-abiding* and *qualified* individuals, it is not dicta" and "to the extent that this statement is superfluous to the central holding of *Heller*, we shall still give it considerable weight." *Rozier*, 598 F.3d at 771 n.6 (citing *Denno v. Sch. Bd. of Volusia Cty., Fla.*, 218 F.3d 1267, 1283 (11th Cir. 2000) and *Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 n.4 (11th Cir. 1997)); *see also United States v. Kirby*, No. 3:22-cr-26-TJC-LLL, 2023 WL 1781685, at *2 (M.D. Fla. Feb. 6, 2023).

Having rejected each of these arguments, this Court will overrule the objection. *Rozier* and its holding that § 922(g)(1) does not violate the Second Amendment remains binding precedent.[1]

Next, Staley objects to the Magistrate Judge's "reliance" on *GeorgiaCarry.Org v. Georgia*, 687 F.3d 1244 (11th Cir. 2012) on the grounds that it was abrogated by *Bruen*. Doc. 31 at 2–3. Specifically, he argues that the decision employed a means-end

---

[1] *See Kirby*, 2023 WL 1781685, at *3 ("This Court remains bound by *Rozier*."); *United States v. Morgan*, No. 8:23-cr-72-TPB-CPT, 2023 WL 4562850, at *1–2 (M.D. Fla. July 17, 2023) (rejecting facial and as-applied challenge to the constitutionality of 18 U.S.C. § 922(g)(1) in light of *Bruen*); *United States v. Vasquez*, No. 8:21-cr-0062-CEH-SPF, 2023 WL 4935936, at *3 (M.D. Fla. July 10, 2023) ("*Bruen* is not clearly on point with *Rozier* and does not undermine it to the point of abrogation."), *report and recommendation adopted,* 2023 WL 4931898 (Aug. 2, 2023); *Hunter*, 2022 WL 17640254, at *6 ("Thus, because the Eleventh Circuit decided that the *Heller* dictum is persuasive, it is for the Eleventh Circuit to decide whether to depart from that holding. *Rozier* is still good law, and this court must apply it."); *United States v. Isaac*, No. 5:22-cr-117-LCB-HNJ-1, 2023 WL 1415597, at *4 (N.D. Ala. Jan. 31, 2023) ("Other recent decisions in this Circuit have also rejected Second Amendment challenges to § 922(g)(1), expressly finding that *Rozier* is not irreconcilably inconsistent with *Bruen*'s subsequent instruction."); *United States v. Alvin*, No. 22-20244-CR, 2023 WL 3979967, at *4 (S.D. Fla. May 22, 2023) ("[W]e too remain bound by *Rozier*."), *report and recommendation adopted,* 2023 WL 3971060 (S.D. Fla. June 13, 2023); *United States v. Johnson*, No. 22-CR-20370, 2023 WL 2308792, at *4 (S.D. Fla. Feb. 20, 2023), *report and recommendation adopted*, 2023 WL 2302253 (Feb. 28, 2023).

scrutiny analysis rejected by *Bruen*. *Id.* at 2–3. This objection is meritless, because the Magistrate Judge recognized that *GeorgiaCarry.Org, Inc.* had been abrogated. Doc. 30 at 5–6 ("In June 2022, the Supreme Court issued its opinion in *Bruen* and rejected this two-step framework in Second Amendment cases . . . In its place, the Court held that to justify the constitutionality of a statute regulating the possession of firearms, 'the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.'").

Defendant's next objection is that the R&R lacks any analysis of his argument that overbreadth challenges should be expanded to cases involving the Second Amendment. Doc. 31 at 3. Further, he claims that it does not address his mention of § 922(g)(1) prosecutions that overlook *Bruen's* mandate that the Government prove a felon's prior convictions are of a kind that, historically, dispossessed individuals of the right to bear arms permanently. *Id.* He argues that there is no discussion of the definition of felons under 18 U.S.C. § 921(a)(2), the unworkability of that definition post-*Bruen*, the issue of expungement carveouts under the statute, and the statute's overly narrow exemption to who is and isn't a felon. *Id.* at 3–4.

These objections are due to be overruled. Every court that has considered similar arguments in this Circuit held that *Rozier* is good law and forecloses a facial challenge, because it holds that § 922(g)(1) is constitutional as applied to felons as a "class[] of people." 598 F.3d at 771.

As explained by one district court:

> This Court must follow the holdings of prior Eleventh Circuit decisions. . . . Although a criminal defendant like Mr. Edwards might ask the Eleventh Circuit Court of Appeals to revisit *Rozier* and apply the *Bruen* historical analysis to a case concerning a prior felony conviction for possession of marijuana, the *Bruen* decision does not abrogate *Rozier* and therefore does not open the door for this Court to examine the rationale of *Rozier* and depart from its holding.

*United States v. Edwards,* No. 5:23-CR-200-MHH-HNJ, 2023 WL 8113789, at *3 (N.D. Ala. Nov. 22, 2023).

The overbreadth argument is due to be rejected as well. Under the "First Amendment overbreadth doctrine, a statute is facially invalid if it prohibits a substantial amount of protected speech." *United States v. Williams*, 553 U.S. 285, 292, (2008). Defendant contends that *Bruen* is a "paradigm shift" and that "[b]ecause the right to bear arms is such a fundamental right, overbreadth challenges should now be expanded to the Second Amendment." Doc. 19 at 9. However, he offers no citation to authority for this argument, and the Court declines to, on its own, expand the overbreadth doctrine to new constitutional rights. *See United States v. Beasley,* No. 8:23-CR-140-KKM-AAS, 2023 WL 7839581, at *3 (M.D. Fla. Nov. 16, 2023).

Finally, Defendant objects to the Magistrate Judge's finding that the Government met its burden of showing that § 922(g)(1) is a law that has a historical tradition of limiting the rights of felons to keep and bear arms. Doc. 31 at 4. He argues that the R&R only discusses other collateral consequences a felon might face based on "historical belief," not expert evidence and historical support as demanded by *Bruen*. Doc. 31 at 4.

The Court will overrule this objection, as it agrees that even if Defendant's constitutional challenges were not foreclosed by binding precedent, the Government has carried its burden of establishing that § 922(g)(1) "is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 142 S. Ct. at 2127.

Defendant's argument fails for several reasons. First, he cites no authority that holds that the Government must present an expert report or expert testimony in response to a challenge like this one, especially considering binding precedent foreclosing the argument. Also, the Government supports its claim that the statute is consistent with the nation's historical tradition of firearm regulation. Doc. 28 at 18–24. It cites Supreme Court precedent, the common law, and historical sources such as state laws from around the time of the Second Amendment's ratification, as well as materials from the Civil War and Reconstruction eras. *Id.* As the Government notes, *Bruen* calls for an analysis of "how and why" the historical and challenged regulations "burden a law-abiding citizen's right to armed self-defense." 142 S. Ct. 2133. Using several sources, the Government persuasively argues that § 922(g)(1) imposes no such burden because it applies only to people who have removed themselves from the law-abiding population by committing and being convicted of felony offenses. Doc. 28 at 18–24. On this basis, the Court agrees with the Magistrate Judge, that even if *Rozier* did not foreclose Defendant's challenge to the statute, the Government has met its burden of demonstrating that § 922(g)(1) is part of the historical tradition of the Second Amendment. Thus, the objection is due to be overruled.

Finally, Staley submits two inapposite decisions as supplemental authority. The first, *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023), vacated a district court's decision which held that § 922(g)(1) was unconstitutional post-*Bruen*. *Id.* at 1024–1025. The Seventh Circuit remanded the case to the district court for it to conduct a historical analysis, pursuant to *Bruen*, regarding whether the statute was part of a tradition delimiting the outer bounds of the Second Amendment. *Id.* at 1024. Importantly, the Seventh Circuit noted that its pre-*Bruen* precedent upholding the constitutionality of the statute used a "means-end inquiry." *Id.* at 1022. Thus, the Seventh Circuit found that *Bruen* had abrogated its existing caselaw. *Id.* As explained *supra*, *Rozier* did not use a means-end inquiry and remains good law. Thus, *Atkinson* is inapposite.

After the R&R was issued, Defendant submitted *Glen Prince v. United States*, No. 22-CR-40, 2023 WL 7220127 (N.D. Ill. E. Div. Nov. 2, 2023). Doc. 32. A district court opinion from the Seventh Circuit issued after *Atkinson*, *Glen Prince* struck down § 922(g)(1) as unconstitutional both facially and as applied. 2023 WL 7220127 at *11. This out-of-circuit opinion does not move the needle on Staley's argument, however, because this Court is bound to follow Supreme Court and Eleventh Circuit precedent holding that "longstanding prohibitions on the possession of firearms by felons . . ." are presumptively valid and constitutional. *Rozier,* 598 F.3d at 771 (quoting *Heller*, 554 U.S. at 626.)

For the foregoing reasons, the Court finds that dismissal of the indictment is not warranted, and Defendant's motion is due to be denied.

## IV. CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge and the Objections thereto, and in conjunction with an independent *de novo* examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects, and the motion denied. Accordingly, it is now **ORDERED**:

(1) Defendant's Objection (Doc. 31) is **OVERRULED**.

(2) The Report and Recommendation of the Magistrate Judge (Doc. 30) is **ADOPTED, CONFIRMED, AND APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

(3) Defendant's Motion to Dismiss the Indictment (Doc. 19) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 8, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties